IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NATHANIEL GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-cv-4058 |
| and | ) |
| | ) Jury Trial Demanded |
| CLOVERLEAF COLD STORAGE | ) |
| OHIO, LLC d/b/a CLOVERLEAF | ) |
| COLD STORAGE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, NATHANIEL GARRETT, by and through his attorney, Nina R. Gougis, and as and for his Complaint and Demand for Jury Trial, states as follows:

### JURISDICTION

1. This action is brought pursuant to Title I of the *Americans with Disabilities Act of 1990*, 42 U.S.C. § 12111, *et seq.*, and Article II of the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. §1391(b). The Central District of Illinois is the proper venue for this action because the events giving rise to this lawsuit occurred herein.

### PARTIES

3. Plaintiff, NATHANIEL GARRETT (herein Plaintiff), is a citizen of the United States and the State of Illinois. At all material times herein, GARRETT has resided in the Central District of Illinois.

4. Upon information and belief, Defendant, CLOVERLEAF COLD STORAGE

OHIO, LLC d/b/a CLOVERLEAF COLD STORAGE (herein Defendant), is a limited liability company, incorporated in Ohio, with its principal place of business in located in Sioux City, Iowa.

5.      Defendant operates several cold storage facilities throughout the United States, including a facility located in Monmouth, Illinois, where Plaintiff was employed until October 21, 2016

## STATEMENT OF FACTS

6.      Plaintiff filed his charge of disability discrimination and retaliation, alleging violations of Title I of *the Americans with Disabilities Act of 1990* and Article II of the *Illinois Human Rights Act* with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue from the EEOC, dated December 19, 2017 and is filing his complaint with this Court within the 90-day deadline. The Charge filed with and Notice of Right to Sue issued by the EEOC are attached hereto as Exhibit A.

7.      At all times material to this Complaint, Plaintiff has been an individual with a disability within the meaning of Section 1-103(I) of the *Illinois Human Rights Act* and Title I of the *Americans with Disabilities Act of 1990*. Specifically, Plaintiff sustained severe injuries to his face (broken facial bones/facial fractures and nasal blockages). His physical impairments substantially limited multiple major life activities, including without limitation breathing, musculoskeletal functions, respiratory functions, and communicating.

8.      Defendant has been aware of Plaintiff's disability since August 23, 2016, when he notified Defendant of the injuries he sustained and his physical impairments. Additionally, since providing notification on August 23, 2016, Plaintiff had a record of such impairment and was regarded as an individual with a disability.

9. Plaintiff's disability is unrelated to his ability to perform his job duties. Further, Plaintiff's performance was satisfactory and he was meeting and exceeding Defendant's expectations.

10. On August 30, 2016, Defendant terminated Plaintiff's health insurance coverage without cause, even though Defendant provides health insurance coverage to its other employees.

11. Similarly-situated employees without disabilities were treated more favorably in that they did not have their health insurance coverage terminated.

12. Due to the injuries Plaintiff sustained on August 23, 2016, Plaintiff was off of work until he returned to work on September 19, 2016.

13. Upon Plaintiff's return to work on September 19, 2016, he requested reasonable accommodations. Specifically, Plaintiff requested that he be allowed to work on the shipping dock and on first shift, as his present job assignments required him to work in the cold, resulting in great pain and discomfort due to the above-referenced physical impairments. Plaintiff requested the accommodations from Operations Manager Jeremy Morton and Plaintiff's immediate supervisor, Ryan Schmidt on several occasions, including on September 19, 2016.

14. Morton and Schmidt denied Plaintiff's requests for accommodations, and instead responded that Plaintiff needed to, "toughen up and be a man about it" and that Plaintiff needed to "man up." Other employees were allowed to work on the shipping dock and were assigned to first shift.

15. Defendant has a policy of offering short-term disability pay to its employees. However, during Plaintiff's leave, Defendant discriminated against Plaintiff by delaying payment of short-term disability pay. Plaintiff did not receive short-term disability pay until after he returned to work on September 19, 2016.

16. Plaintiff was discriminated against on multiple occasions after he returned to work on September 19, 2016. Specifically,

   a. Schmidt wrote Plaintiff up on September 29, 2016 for wearing too much facial gear. At the time, Schmidt and Defendant were aware that Plaintiff needed to wear the facial gear to protect his face from further damage and allow it to heal from the above-described injuries. Further, Schmidt instructed Plaintiff that he needed to wear less facial gear in the future.

   b. Schmidt subjected Plaintiff with increased job scrutiny - *e.g.*, Schmidt followed Plaintiff around and complained that the breaks he took were too long, even though other employees took longer breaks.

   c. Schmidt assigned Plaintiff to less favorable job assignments - *i.e.,* by assigning Plaintiff several job assignments during the same shift (when others had only one job assignment) and assigning Plaintiff to job assignments where he would have to work in the cold (despite Plaintiff's request for accommodation described above). Prior to Plaintiff's injuries, Plaintiff had a set job assignment.

   d. Schmidt required Plaintiff perform more work than other employees (as a result of regularly assigning him several job assignments in one shift).

   e. Schmidt constantly critiqued Plaintiff's job performance, when Schmidt did not do the same with other employees. Additionally, Schmidt did not critique Plaintiff's job performance prior to him sustaining the above-referenced injuries.

   f. Defendant sent Plaintiff a termination letter on September 15, 2016 that was later rescinded.

17. The above-referenced treatment created a hostile work environment.

18. Similarly-situated employees without disabilities were treated more favorably in that they were not subject to such heighted scrutiny, were not unfairly disciplined, did not receive the unfavorable treatment described above and were not threatened with termination.

19. In early October of 2016, Plaintiff filed an internal complaint regarding the above-described harassment and discrimination with one of Defendant's second-shift operation managers.

20. Immediately after making the report, Plaintiff was placed on probation - unpaid leave - pending Defendant's investigation.

21. Defendant failed to conduct a fair investigation by failing to interview any of the witnesses Plaintiff named.

22. Plaintiff was terminated on October 21, 2016 due to alleged harassment of an employee; however, Plaintiff has never notified of any allegations of harassment prior to his termination. Further, the allegations of harassment were false and without basis.

23. Plaintiff was termination in retaliation for reporting unlawful discrimination and harassment.

**COUNT I**
**DISABILITY DISCRIMINATION**
**TITLE I OF *AMERICANS WITH DISABILITIES ACT OF 1990***
**42 U.S.C. § 12111,** *et seq.*

24. The foregoing paragraphs are re-alleged and incorporated herein by reference.

25. The above conduct as alleged constitutes disability discrimination in violation of Title I of the *Americans with Disability Act of 1990*, 42 U.S.C. § 12111, *et seq.*

## COUNT II
## DISABILITY DISCRIMINATION – FAILURE TO ACCOMODATE
## TITLE I OF *AMERICANS WITH DISABILITIES ACT OF 1990*
## 42 U.S.C. § 12111, *et seq.*

26. The foregoing paragraphs are re-alleged and incorporated herein by reference.

27. The above conduct as alleged constitutes disability discrimination based on failure to accommodate, in violation of Title I of the *Americans with Disability Act of 1990*, 42 U.S.C. § 12111, *et seq.*

## COUNT III
## RETALIATION
## TITLE I OF *AMERICANS WITH DISABILITIES ACT OF 1990*
## 42 U.S.C. § 12111, *et seq.*

28. The foregoing paragraphs are re-alleged and incorporated herein by reference.

29. The above conduct as alleged constitutes unlawful retaliation, in violation of Title I of the *Americans with Disability Act of 1990*, 42 U.S.C. § 12111, *et seq.*

## COUNT IV
## DISABILITY DISCRIMINATION
## ARTICLE II OF THE *ILLINOIS HUMAN RIGHTS ACT*
## 775 ILCS 5/2-101, *et seq.*

30. The foregoing paragraphs are re-alleged and incorporated herein by reference.

31. The above conduct as alleged constitutes disability discrimination in violation of Article II of the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq.*

## COUNT V
## DISABILITY DISCRIMINATION – FAILURE TO ACCOMODATE
## ARTICLE II OF THE *ILLINOIS HUMAN RIGHTS ACT*
## 775 ILCS 5/2-101, *et seq.*

32. The foregoing paragraphs are re-alleged and incorporated herein by reference.

33. The above conduct constitutes disability discrimination based on failure to accommodate, in violation of Art. II o.f the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et seq.*

## COUNT VI
## RETALIATION
### ARTICLE II OF THE *ILLINOIS HUMAN RIGHTS ACT*
### 775 ILCS 5/2-101, *et seq.*

34. The foregoing paragraphs are re-alleged and incorporated herein by reference.

35. The above conduct as alleged constitutes unlawful retaliation, in violation of Article II of the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, NATHANIEL GARRETT, requests that Court award him the following relief:

(a) That the Defendant, CLOVERLEAF COLD STORAGE OHIO, LLC d/b/a CLOVERLEAF COLD STORAGE, upon trial by jury, be adjudicated to have violated Title I of the *Americans with Disabilities Act of 1990*, 42 U.S.C. § 12111, *et seq.*, and Article II of the *Illinois Human Rights Act*, 775 ILCS 5/2-101, *et seq.*;

(b) That Plaintiff be awarded appropriate damages to compensate him for his economic damages, including but not limited to all back pay, front pay, and all other benefits, and/or other appropriate relief to which he is entitled by virtue of Defendant's violations;

(c) That Plaintiff be awarded prejudgment interest on the above damages;

(d) That Plaintiff be awarded punitive damages in an appropriate amount and as allowed by law against the Defendant;

(e) That Plaintiff be awarded reasonable attorneys' fees, costs and litigation expenses incurred in this lawsuit, with interest thereon; and

(f) That Plaintiff be awarded any such other and further relief deemed just.

**JURY DEMAND**

The Plaintiff requests a trial by jury.

                          Respectfully Submitted,

                          NATHANIEL GARRETT, Plaintiff,

                          By: /s/ Nina R. Gougis
                                Attorney for Plaintiff

Law Offices of Nina R. Gougis
411 Hamilton Blvd., Suite 1928
Peoria, Illinois 61602
Phone: (309) 282-6325
Fax: (309) 279-5214
Email: ninagougislaw@gmail.com