E-FILED
Thursday, 14 February, 2019  11:13:22 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| Nathaniel Garrett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 18-cv-4058-SLD-JEH** |
| | ) | |
| | ) | |
| Cloverleaf Cold Storage Co., LLC | ) | |
| d/b/a Cloverleaf Cold Storage, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION TO VOLUNTARILY DISMISS FIRST AMENDED COMPLAINT
### WITHOUT PREJUDICE

Defendant Cloverleaf Cold Storage Co., LLC does not oppose Plaintiff Nathaniel Garrett's request to dismiss this action, but the court should enter the dismissal *with* prejudice. This action has been pending for nearly a year and Garrett has not made any substantive efforts to prosecute his claims against Cloverleaf. Further, Garrett has repeatedly failed to fulfill his discovery obligations and now seeks to further avoid those obligations by voluntarily dismissing his case without prejudice. Dismissal should be with prejudice given Garrett's lack of diligence in prosecuting his claims and the effort and expense Cloverleaf has devoted to its defense.

### PROCEDURAL BACKGROUND

On March 19, 2018, Garrett filed his complaint against his former employer alleging disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA). *See* Doc. 1. Cloverleaf moved to dismiss the IHRA claims because Garrett had not timely filed his charge of discrimination with the Illinois Department of Human Rights and had failed to exhaust his administrative remedies

under the IHRA. *See* Docs. 7-8. In response, Garrett filed his first amended complaint in which he dropped his improper IHRA claims. *See* Doc. 11, ¶¶ 2-3; Doc. 13. On July 30, 2018, this court ordered that discovery was to be completed by June 28, 2019. *See* Doc. 16. Cloverleaf promptly served Garrett with its first set of interrogatories and first requests for production of documents on August 7, 2018. *See* Ex. A, p. 2. On January 24, 2019, Cloverleaf served Garrett with its second set of interrogatories. *See* Ex. J. To date, Garrett has not served any written discovery requests on Cloverleaf or otherwise conducted any discovery. Instead, he moved to voluntarily dismiss this action without prejudice under Rule 41(a)(2). *See* Doc. 23.

**STANDARD UNDER RULE 41(a)(2)**

Rule 41(a)(2) permits a plaintiff to dismiss claims voluntarily "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is a decision within the sound discretion of the district court." *Shrader v. Palos Anesthesia Assocs., S.C.*, No. 01 C 2450, 2003 WL 22225616, at *1 (N.D. Ill. Sept. 24, 2003). "Courts are empowered to impose conditions upon the withdrawal of a claim under Rule 41(a)(2), up to and including dismissal with prejudice, in order to protect the rights of defendants who may wish claims, once brought, to be adjudicated, and who may not wish to be faced with the prospect of preparing for and repeating the initial phases of a litigation already substantially begun." *Bailey v. OSF Healthcare Sys.*, No. 1:16-cv-01137-SLD-TSH, 2017 WL 4319113, at *3 (C.D. Ill. Sept. 28, 2017).

The Seventh Circuit has identified several factors to consider in determining whether a voluntary dismissal should be with prejudice: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and insufficient explanation for the need to take a dismissal and the fact that a motion for summary

2

judgment has been filed by the defendant." *Shrader,* 2003 WL 22225616, at *1 (*citing Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). While these factors serve as a guide for the court in exercising its discretion, not all factors must be present. *Id.*

ARGUMENT

I.   **Cloverleaf has devoted significant "effort and expense" to litigating Garrett's claims.**

Cloverleaf has dedicated significant time, effort, and expense to litigating Garrett's claims. Specifically, Cloverleaf has: responded to Plaintiff's underlying charge of discrimination filed with the EEOC; answered Garrett's complaint; moved to partially dismiss the complaint; answered the first amended complaint; served initial disclosures and accompanying document production under Rule 26(a)(1); served multiple sets of written discovery requests on Garrett; repeatedly communicated and corresponded with Garrett's counsel regarding  his overdue discovery responses and deficiencies in the responses; and requested, received, and reviewed records obtained from Garrett's third-party medical providers and former employers. To that end, Cloverleaf has expended over 100 hours of attorney and paralegal time and over $30,000 in legal fees litigating Garrett's claims.

II.  **Garrett has demonstrated a "lack of diligence" in prosecuting his claims against Cloverleaf.**

Garrett has failed to timely respond to Cloverleaf's written discovery requests, has consistently avoided his discovery obligations, and has not made any diligent effort to pursue his claims. Cloverleaf served Garrett with its first set of written discovery requests on August 7, 2018. *See* Ex. A, p. 2. Cloverleaf's counsel contacted Garrett's counsel on September 20, 2018, and September 28, 2018, regarding the status of Garrett's overdue discovery responses. *See* Ex. B. Cloverleaf did not receive Garrett's interrogatory answers until October 8, 2018, and did not receive his responses to its requests for production of documents until October 31, 2018. *See* Doc.

3

20; Ex. C. Cloverleaf promptly corresponded with Garrett's counsel on November 12, 2018, detailing numerous deficiencies in Garrett's responses to its first set of written discovery requests. *See* Ex. D; Ex. E, p. 3. After not receiving a response, Cloverleaf's counsel repeatedly contacted Garrett's counsel by phone and e-mail regarding Garrett's overdue supplemental responses. *See* Ex. E, pp. 1-2; Ex. F, p. 1. Garrett's amended responses and supplemental document production were not provided until January 11, 2019. *See* Doc. 21; Ex. G, p. 2. Cloverleaf then immediately corresponded with Garrett's counsel about deficiencies in Garrett's amended discovery responses. *See* Ex. G, p. 1; Ex. H, p. 1; Ex. I.

Garrett was then served with Cloverleaf's second interrogatories on January 24, 2019. *See* Ex. J. Nine days later, Garrett moved to voluntarily dismiss his case without prejudice. Doc. 23. Notably, Garrett moved to voluntarily dismiss his claims before fully resolving the deficiencies in his initial discovery responses, before answering the second interrogatories, and before serving any written discovery requests on Cloverleaf. This demonstrates Garrett's failure to diligently prosecute his claims. As a result, this action should be dismissed with prejudice.

## CONCLUSION

Cloverleaf does not oppose Garrett's request to dismiss this action, but the court should enter the dismissal with prejudice. Contrary to Garrett's assertion that this action is "in the beginning stages" of litigation, Cloverleaf has dedicated significant time, effort, and expense to defending this matter. *See* Doc. 23, ¶ 5. For the foregoing reasons, Cloverleaf respectfully requests that the court dismiss this action with prejudice, and grant Cloverleaf any other relief the court deems just and proper.

Dated this 14th day of February, 2019.

4

Respectfully submitted,

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

/s/ Katie M. Rhoten
Robert L. Ortbals, Jr.
Katie M. Rhoten
7733 Forsyth Boulevard, Suite 1325
St. Louis, MO  63105
T: (314) 925-7270
F: (314) 925-7278
rortbals@constangy.com
krhoten@constangy.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2019, I caused a copy of the foregoing to be served via operation of the Court's CM/ECF system to:

Nina R. Gougis: ninagougislaw@gmail.com

**Attorney for Plaintiff**

/s/ Katie M. Rhoten

5